**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

WILLIAM WELLS,
Plaintiff-Appellant,

v.

MONTGOMERY COUNTY, MARYLAND;
LAYTONSVILLE VOLUNTEER FIRE
DEPARTMENT (LVFD); J. B. KLINE,

Chief, Individually; BOARD OF
DIRECTORS, LVFD; STANLEY SUTTON,
President, Individually, Board of
Directors, LVFD; MATT
MONTGOMERY,
Defendants-Appellees.

No. 00-1028

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Deborah K. Chasanow, District Judge.
(CA-97-2605-DKC)

Submitted: August 31, 2000

Decided: September 15, 2000

Before WIDENER and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

Suzanne Levin, Bethesda, Maryland, for Appellant. William J. Carter, Thomas L. McCally, CARR GOODSON WARNER, Washington, D.C., for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

William Wells appeals the district court's order granting summary judgment to Montgomery County, Maryland (the "County"), on his claim that the County retaliated against him for reporting an incident of sexual harassment in violation of Title VII of the Civil Rights Act of 1964, as amended. See 42 U.S.C. § 2000-3(a) (1994). He also appeals the district court's denial of relief on his claims under 42 U.S.C.A. § 1983 (West Supp. 2000) against Laytonsville Volunteer Fire Department, its Board of Directors, and several individuals for violations of his rights under the First and Fourteenth Amendments.* We affirm in part, vacate in part, and remand for further proceedings.

We have reviewed the record and the district court's opinion granting summary judgment in the County's favor on Wells' retaliation claim and find no reversible error. Although the district court required Wells to show that the County's proffered legitimate, nondiscriminatory reason was pretextual and that the real reason for its actions was retaliatory, we find that Wells failed to meet his burden of proof

_____

*Wells does not challenge on appeal the district court's dismissal without prejudice of his pendant state law claim. He therefore has abandoned that claim on appeal. See Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999) (noting that issues not briefed or argued on appeal are deemed abandoned).

2

under the standard announced in <u>Reeves v. Sanderson Plumbing Prods. Inc.</u>, ___ U.S. ___, 68 U.S.L.W. 4480, 4484 (U.S. June 12, 2000) (No. 99-536) (holding that "a plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated" and abrogating this court's "pretext-plus" formulation). Accordingly, we affirm the denial of Title VII relief substantially on the reasoning of the district court. <u>See Wells v. Montgomery County, Md.</u>, No. CA-97-2605-DKC (D. Md. Dec. 7, 1999).

With regard to Wells' claims against the remaining Defendants for violations of his First and Fourteenth Amendment rights, the district court held that these Defendants were not state actors for purposes of § 1983. After the district court granted summary judgment on this ground, we held that a Maryland volunteer fire department is, as a matter of law, a state actor and "may be held liable as a state actor without the demonstration of a nexus--a connection between the indicia of state action and the specific acts comprising the alleged constitutional violation." <u>Goldstein v. Chestnut Ridge Volunteer Fire Co.</u>, 218 F.3d 337, 339-40, 348 (4th Cir. 2000). Because the district court did not have the benefit of our decision in <u>Goldstein</u>, we vacate this portion of the district court's order and remand for further proceedings.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART; VACATED IN PART; AND REMANDED</u>

3

o